## In re CHURCHILL TECHNOLOGY INC., Debtor.

**Churchill Technology, Inc., Plaintiff,**

**v.**

**Wendy A. Cribari, Defendant.**

**Bankruptcy No. 96–15462 B.
Adversary No. 98–1177 B.**

United States Bankruptcy Court,
W.D. New York.

July 13, 1999.

Terry C. Burton, Buffalo, NY, for plaintiff.

Gross, Shuman (Robert J. Feldman, of counsel), Buffalo, NY, for defendant.

Solomon, Pearl, Blum & Quinn, LLP, Denver, CO, for defendant.

Hiscock & Barclay, LLP (Drew V. Tidwell, of counsel), Buffalo, NY, for creditors committee.

CARL L. BUCKI, Bankruptcy Judge.

Churchill Technology, Inc., the debtor herein, commenced this adversary proceeding under 11 U.S.C. § 543 to compel the turnover of shares of stock which the defendant, Wendy A. Cribari, allegedly holds as a custodian. Cribari has now moved to dismiss the complaint. On this motion, the determining consideration is her status as a custodian within the definition set forth in 11 U.S.C. § 101(11).

The debtor alleges that until early 1994, it was the owner of substantial oil and gas assets in the states of California, Colorado, Oklahoma and Texas. At approximately that time, however, the debtor's management resolved to undertake a new business venture involving the manufacture of biodegradable plastics. Before attempting this activity, the debtor transferred the oil and gas assets into Churchill U.S.A., Inc., a newly formed corporation whose stock was wholly owned by the debtor. The debtor then delivered the shares of Churchill U.S.A., Inc., to Wendy A. Cribari, as trustee under terms of an instrument entitled CUSA Trust Agreement. Ms. Cribari was at that time serving as president of Churchill Technology, Inc. The debtor alleges, upon information and belief, that the purpose of the CUSA Trust Agreement was to preserve the value of the oil and gas assets for the benefit of certain of the debtor's record shareholders, in the event that the debtor was unable to achieve performance goals for its production of biodegradable plastics. The CUSA Trust Agreement more specifically identifies the trust beneficiaries, whom it describes as the "Churchill Record Shareholders."

For reasons that are not here relevant, the debtor amended the CUSA Trust Agreement in December 1994. At that time, it authorized the creation of one million shares of a new class of securities known as Series A Convertible Preferred Stock. The debtor then delivered all of the newly issued preferred stock to Wendy A. Cribari in trust for the benefit of the Churchill Record Shareholders. Additionally, the trust amendment extinguished the right of the debtor's shareholders to receive a distribution of the common shares of Churchill U.S.A., Inc. The debtor alleges that by reason of the amendment, Cribari is obliged to return the common shares of Churchill U.S.A., Inc., to the debtor upon the conclusion of the stated term of the CUSA Trust Agreement, as now amended.

Churchill Technology Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on November 27, 1996. Although the stated term of the CUSA Trust Agreement is not set to expire until February of 2001, the debtor made demand for an immediate return of the common shares of Churchill U.S.A., Inc. When Cribari refused to surrender these assets, the debtor initiated the present adversary proceeding under 11 U.S.C. § 543. Pursuant to subdivision (b)(1) of this section, the plaintiff seeks to compel the immediate surrender of the common shares of Churchill U.S.A., Inc., together with the proceeds and profits of such property and any and all related records. Further, pursuant to subdivision (b)(2) of section 543, the complaint requests an accounting for all of the debtor's property that was in Cribari's possession as of the filing of the bankruptcy petition, and for all income and expenses

which Cribari realized with respect to that property.

For purposes of this opinion, the Court need not describe in detail the procedural history of this case. The debtor originally sought relief by way of motion, to which Cribari objected on the basis that Bankruptcy Rule 7001 required the commencement of an Adversary Proceeding. When the Court then directed that the moving papers be treated as a complaint and that the matter be allowed to proceed as an adversary proceeding upon payment of the requisite filing fee, Cribari moved to dismiss upon other procedural grounds. To resolve certain of those objections, the debtor filed an Amended Complaint on July 15, 1998. It is the amended complaint against which Cribari now moves.

Cribari seeks to dismiss the adversary proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7), all of which are made applicable to this matter by reason of Bankruptcy Rule 7012(b). Of these arguments, two can be rejected summarily. The request Rule 12(b)(6) is more complex, but does provide a basis for dismissal.

■ Pursuant to Rule 12(b)(1), a defendant may move to dismiss a claim for which the court lacks jurisdiction over the subject matter. Cribari argues that such jurisdiction is here lacking, because the shares of stock are not now assets of the bankruptcy estate. Assets of the estate, however, are broadly defined by section 541(a) of the Bankruptcy Code to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Though its right to possession may be contingent, the debtor nonetheless retains some legal or equitable interests in the stock of Churchill U.S.A., Inc. Litigation to determine the scope of that interest is a proceeding that relates to a case under title 11 of the United States Code, and is, therefore, within the scope of the court's jurisdiction as defined by 28 U.S.C. § 157(a).

■ Pursuant to Rule 12(b)(7), Cribari also seeks to dismiss the complaint for failure to join a party under Federal Rule of Civil Procedure 19. This latter rule requires that a plaintiff join as a defendant any person "who claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Cribari argues that the Churchill Record Shareholders are such necessary parties. However, as amended, the CUSA Trust Agreement gives to the shareholders no right or interest in the stock of Churchill U.S.A., Inc. Because a disposition of that stock would impact no current interest of those shareholders, their joinder is not mandated under Rule 19. Furthermore, the only parties to sign the amendment to the Trust Agreement were Churchill Technology, Inc., Churchill U.S.A., Inc., and Wendy A. Cribari, as trustee. To the extent that the interests of stockholders will have been affected at all, that impact will have derived not from the outcome of litigation, but from the trust amendment. Having deemed shareholder consent to be unnecessary for that modification, Cribari may not now insist that those shareholders be joined to the present action.

Cribari's third argument is that the complaint should be dismissed under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Although the moving papers do not precisely articulate the nature of this failure, the court is nonetheless satisfied that the plaintiff has stated no basis for relief, and that therefore Cribari's motion should be granted.

The plaintiff bases its demand for relief on section 543 of the Bankruptcy Code, a section which deals with the turnover of property held by a custodian. Specifically, the debtor relies upon subdivisions (b)(1)

and (b)(2), which respectively require that a custodian deliver to the trustee property held in the custodian's possession, custody, or control, and that the custodian account for "any property of the debtor, or proceeds, product, offspring, rents, or profits of such property." The fundamental problem with this claim is that Ms. Cribari is not a custodian within the meaning of the statute.

 The Bankruptcy Code defines custodian in section 101(11), as follows:

"custodian" means—(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title; (B) assignee under a general assignment for the benefit of the debtor's creditors; or (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.

Wendy A. Cribari was designated as trustee by the CUSA Trust Agreement, and not in the context of any "case or proceeding" outside bankruptcy. Thus, she is not a custodian under the first of the three categories that section 101(11) identifies. Nor does she fulfill the second of the stated categories, in that she is assignee not under a general assignment for the benefit of creditors, but under a trust for the benefit of designated stockholders. Finally, Ms. Cribari fails to fulfill the definition in part C of section 101(11). Although she was appointed under a contract to take charge of property, such appointment was not for the purpose of enforcing a lien against the shares of stock or for the purpose of the general administration of that stock for the benefit of creditors. Nothing in the record indicates even the existence of a lien. The trust inures not to the benefit of creditors, but to the benefit of stockholders.

Because Ms. Cribari does not hold the status of a custodian, she is not subject to the burdens of 11 U.S.C. § 543, relative to turnover of custodian assets. In its present form, the complaint asserts no claim other than such as may exist under section 543. Nor is the court aware of any other provision of the Bankruptcy Code that would command a turnover of trust assets at this time. Rather, such relief would more likely derive from state law. Not having before it any cause of action under Colorado law for a termination of the CUSA Trust, the court need not consider Cribari's alternative argument for abstention.

For the reasons stated herein, the motion of Wendy A. Cribari to dismiss the above referenced adversary proceeding is granted.

So ordered.